IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JIDIER ANTONIO SAAVEDRA,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-392-KC |
| | § | |
| **PAM BONDI et al.,** | § | |
| | § | |
| Respondents. | § | |

### ORDER TRANSFERRING CASE

On this day, the Court considered Jidier Antonio Saavedra's Petition for a Writ of Habeas Corpus, ECF No. 3. Saavedra had previously filed a habeas petition with the Middle District of Georgia, Cause No. 4:25-cv-00502-CDL-CHW, which remains pending. Thus, the Court ordered Respondents to inform the Court how they intended to proceed in the two cases and their position as to the jurisdiction of each court over Saavedra's habeas petition. Feb. 11, 2026, Order, ECF No. 2.

Respondents argue that Saavedra's Petition should be dismissed because (1) Saavedra was not in the Western District of Texas when he filed his Petition, and (2) his Petition is wholly duplicative of the petition currently pending in the Georgia Court. Resp. 1–4, ECF No. 7.

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Saavedra filed his habeas petition with the Middle District of Georgia while detained in Georgia, thus that court has jurisdiction over the original habeas petition and retained jurisdiction despite Saavedra's subsequent transfer to El Paso, Texas. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir.1978)). And

although Saavedra was detained in El Paso for a brief period, by the time he filed this Petition, Saavedra had been returned to Georgia. *See* Resp. 1. Therefore, jurisdiction is proper in the Middle District of Georgia. And because Saavedra's petition with that court has been fully briefed and is awaiting a ruling, this Petition is duplicative. *Id.* at 6.

Accordingly, the Clerk **SHALL TRANSFER** the case to the United States District Court for the Middle District of Georgia, Columbus Division, for adjudication.

After the case is transferred, **the Clerk shall close the case** in this Court.

**SO ORDERED**.

**SIGNED this 19th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE